## ERRONEOUS CHARGE ON A MINOR ISSUE.

Circuit -Court of Cuyahoga County.

E. SHRIVER REESE v. THE MANNEN & ESTERLY COMPANY.*

Decided, May 17, 1909.

*Charge—Several. Issues and Erroneous Charge as to One—Prejudicial Error, When.*

Where there are several distinct issues in a case, the overruling of a motion to properly direct the jury upon one of them is not prejudicial, unless such motion was in regard to a controlling issue in the case; whether such issue might or might not be controlling, depends upon the issues before the jury.

*E. J. Pinney,* for plaintiff in error.
*Smith, Taft & Arter,* contra.

TAGGART, J. (sitting in place of Marvin, J.) ; WINCH, J., and HENRY, J., concur.

The only error complained of in oral argument by counsel for plaintiff in error was the failure of the trial court to properly instruct the jury in respect to the durability of a furnace which was involved in the case. The petition in the common pleas court was on an account for $39. The answer, in respect to the account, denied that there was $39 due the plaintiff, but admitted that there was $9 due and no more. The defendant further answered and by way of counter-claim alleged a warranty in respect to a gas furnace which he claims the plaintiff below agreed to install in his house, and as a part of said contract, warranted that said furnace would comfortably heat said house in zero weather without crowding, and as a further part of said contract guaranteed that said furnace was well made and of good material and would last for several years, and would not need repairing.

Plaintiff in its reply denied that there was any warranty or guaranty in respect to said furnace.

---

*Affirmed by the Supreme Court without opinion, *Reese v. Mannen & Esterly Co.*, 83 Ohio State, 448.

The bill of exceptions does not contain all the evidence that was heard in the court of common pleas. It is stated that there was only so much of the evidence brought into the bill of exceptions as would have a tendency to show the errors complained of; that is, that there was evidence introduced in behalf of the defendant below that there was a warranty or guaranty of durability, and that the failure of the court to charge in respect to the durability of the furnace was erroneous and prejudicial.

But we think, taking the charge of the court as an entirety, that the court does charge in respect to the construction and durability of this furnace, and while it is not so clear and explicit in that regard as might be desired, yet there was no request to the trial court to more explicitly charge the jury in that regard. The court does charge as to the words or expressions that are necessary to constitute a warranty, and this charge is as applicable to the warranty of durability as to the warranty of efficiency on the part of the furnace to be installed, and the jury were at liberty to appropriate these instructions as to that issue in the case as well as to the other. It is said that the question of the efficiency of the furnace, as to its heating the houses comfortably in zero weather, was abandoned by the defendant in the trial of the case. The bill of exceptions does not so advise us. True, the defendant himself in his testimony admits that after the second furnace was put in, the house was heated quite satisfactorily. But that admission in the trial of the case is quite different from the abandonment of a defense filed in the case; so that, so far as the bill of exceptions discloses, the case proceeded upon the defense made in the answer of the warranty of efficiency and warranty of durability and the court's charge was upon the issues as made.

With these two claims on the part of the defendant that there was a warranty of efficiency and a warranty of durability, even assuming that the charge is not clear and explicit in respect to the latter, yet we hold that there was no prejudicial error. The jury may have found that there was a warranty as alleged in respect to the heating of the house and may have found that

there was no warranty in respect to the durability. The reply made an issue on both of these propositions. The verdict is a general verdict.

Where there are several distinct issues in a case, the overruling of a motion to properly direct the jury upon one of them is not prejudicial, unless such motion was in regard to a controlling issue in the case; whether such issue might or might not be controlling depends upon the issues before the jury. See *Clark* v. *Clark*, 16 C. C. Rep., 103; *Beecher* v. *Dunlap*, 52 Ohio St., 64, 65; *McAllister* v. *Hartzell*, 60 Ohio St., 69, and 23 Ohio St., 626.

Finding no error in this record to the prejudice of the plaintiff in error, the judgment is affirmed with costs, and remanded.

---

## PROCEEDINGS RELATING TO THE TAKING OF A DEFAULT JUDGMENT.